UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ROBERT KABAKOFF,

                Plaintiff,

    -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
JAMES CULLEN, SHIELD # 11227,
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                Defendants.

----------------------------------------------------------X

08 CV 01133 (BSJ)

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York County, New York City in New York State.

4. At all times hereinafter mentioned the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official

capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about April 22, 2007, at approximately 3:45 P.M., Plaintiff was lawfully walking through Central Park in the vicinity of West 64th Street and Transvers Road, in New York, New York.

10. At that time, from approximately 12 to 15 feet away, plaintiff happened to observe a woman lying on the grass with her skirt hiked up to the point such that her buttocks were partially exposed to public view.

11. Without getting any closer, plaintiff took out his cellphone and took two pictures of the woman with the cellphone's camera.

12. At that point, the woman turned around and apparently became aware that the plaintiff had taken pictures of her.

13. The woman informed the defendant police officer of what had transpired.

14. Upon information and belief, the defendant officer informed the woman that it was not a crime so long as the woman's buttocks were exposed to public view.

15. At that point, the woman falsely told the officer that she observed plaintiff sneak up behind her and direct his cellphone underneath her skirt.

14. The defendant officer arrested plaintiff and charged him with the crime of Unlawful Surveillance, P.L. 250.45(4), based upon this accusation, although no police officer could have reasonably relied upon this account.

15. Plaintiff's pictures were preserved on his cellphone and would have shown that the pictures were taken from a reasonable distance and did not in any way violate any criminal law.

16. Other witnesses were also present who would have corroborated plaintiff's account.

17. Plaintiff was incarcerated for approximately twenty four hours before being released by the judge at his arraignment. The case was adjourned to November 15, 2007.

18. Based upon the prosecution's inability to prove its case after discussions with the alleged victim, the case was advanced to September 7, 2007, and it was dismissed at the prosecution's request.

19. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

20. Defendant City knew or should have known that prior to this arrest, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

21. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide

3

procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR
## <u>VIOLATION OF CIVIL RIGHTS</u>

22. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

23. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

24. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

25. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## <u>FOR VIOLATION OF CIVIL RIGHTS</u>

26. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

27. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

28. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of ONE HUNDRED THOUSAND ($100,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of TWO HUNDRED THOUSAND ($200,000.00) Dollars; and,

4. Enter an Order:

 a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

 b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
February 4, 2008

                                                RESPECTFULLY,


                                                STEVEN A. HOFFNER, ESQ.
                                                Attorney for the Plaintiff
                                                350 Broadway, Suite 1105
                                                New York, New York 10013
                                                Tel:   (212) 941-8330
                                                Fax:   (212) 941-8137
                                                (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
      February 4, 2008

                                                              _____
                                                              STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ROBERT KABAKOFF,

               Plaintiff,

    -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
JAMES CULLEN, SHIELD # 11227,
AND N.Y.C. POLICE OFFICER
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

               Defendants.

----------------------------------------------------------X

    VERIFIED COMPLAINT
    AND DEMAND FOR
    <u>A JURY TRIAL</u>

    Attorney for Plaintiff
    Steven Hoffner, Esq.
    350 Broadway, Suite 1105
    New York, New York 10013
    Tel    (212) 941-8330
    Fax   (212)941-8137

Case 1:08-cv-01133-BSJ-DCF   Document 1   Filed 02/04/2008   Page 9 of 9