

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

GABRIEL P. HARVIS
Assistant Corporation Counsel
Phone: (212) 788-1816
Fax: (212) 788-9776
gharvis@law.nyc.gov

February 20, 2008

**BY FAX**
Honorable Barbara S. Jones
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 620
New York, New York 10007

Re: Robert Kabakoff v. City of New York, et al.
08 CV 1133 (BSJ)(DF)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York ("City") in this matter. I write to respectfully request an enlargement of time from February 25, 2008, until April 25, 2008, for the City to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application.

       In the complaint, plaintiff alleges, *inter alia*, that on April 22, 2007, he was falsely arrested by an officer of the New York City Police Department. Plaintiff further alleges that all charges against him were subsequently dismissed.

       There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. As the complaint indicates that the charges against plaintiff were dismissed, this office has forwarded to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. This office cannot obtain these records without the designation, and without the records, we cannot properly assess this case or respond to the complaint.

Second, defendant City appears to have been served with process. However, upon information and belief, the individually named defendant has not yet been served. The extension should allow time for plaintiff to serve this defendant with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. This extension will not affect any previously scheduled deadlines or conferences. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended from February 25, 2008, until April 25, 2008, and for such other relief as Your Honor deems just and proper.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis (GH2772)
Assistant Corporation Counsel

cc:   Steven Hoffner, Esq.

Application Granted.

SO ORDERED
Dated:
BARBARA S. JONES
U.S.D.J.

2/21/07

2